DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

CHRISTINE MARIE SHENOI,

Appellant/Cross-Appellee,

v.

RAVEEN SHENOI,

Appellee/Cross-Appellant.

No. 2D21-1537
_____

September 2, 2022

Appeal from the Circuit Court for Pinellas County; Cynthia J.
Newton, Judge.

Ingrid Anderson, Clearwater, for Appellant/Cross-Appellee.

Jane H. Grossman, St. Petersburg, for Appellee/Cross-Appellant.


PER CURIAM.

        This is an appeal brought by the former wife and cross-appeal

brought by the former husband challenging the final judgment of

dissolution and the amendment thereto entered following a partial

grant of a motion for rehearing. We affirm the final judgment of dissolution without further comment with one exception.

There is not a sufficient basis for this court to determine whether the retroactive child support awarded included appropriate consideration by the trial court of any amounts already paid for the benefit of the child. *See* § 61.30(17)(b), Fla. Stat. (2020); *Carter v. Carter*, 294 So. 3d 384, 388 (Fla. 4th DCA 2020) (finding error where mortgage payments that were already paid for the benefit of the child were not calculated into the retroactive child support obligation and stating that "[s]ection 61.30(17)(b), Florida Statutes[,] requires the court to consider *all* actual payments made to the other parent for the benefit of the child"). That portion of the final judgment reflecting an award of retroactive child support accordingly is reversed. We remand the matter to the trial court to indicate whether any amounts already paid by the former husband for the benefit of the child during the retroactive child support period were counted and to adjust that award if necessary.

Affirmed in part, reversed in part, and remanded.

MORRIS, C.J., and VILLANTI and SMITH, JJ., Concur.

_____

2

Opinion subject to revision prior to official publication.